HERMAN S. STRAUSS, Trustee, and J. E. LEHMAN, Cotrustee, Appellants, v. GEORGE L. ZOLLMANN, C. L. SWINNEY and GEORGE W. MELETIO.—153 S. W. (2d) 65.

Division One, April 18, 1941.

Rehearing Denied, June 12, 1941.

Motion to Transfer to Banc Overruled, July 25, 1941.

*Taylor, Mayer, Shifrin & Willer* for appellants.

338

*Paul Dillon* for respondents.

GANTT, P. J.—Action on a written guaranty contract executed by defendants guaranteeing the payment of certain bonds issued by the Euclid-Pine Investment Co. and guaranteeing the expense of the enforcement of the guaranty. The contract also guaranteed the performance of the terms, covenants and conditions of a trust deed and chattel mortgage executed by the investment company to secure payment of the bonds. Judgment for defendants. In due course plaintiffs appealed.

In substance the petition alleged that the Euclid-Pine Investment Co. executed a trust deed and chattel mortgage conveying the Parkedge Apartments and its equipment, located in the City of St. Louis, to Herman S. Strauss and J. E. Lehman, trustees, to secure the payment of certain bonds amounting to $270,000; that in addition to, but independent of, the trust deed and chattel mortgage, defendants executed a written guaranty, thereby jointly, severally and unconditionally guaranteeing to the holders of the bonds, the Strauss Bros. Investment Co. and Herman S. Strauss and J. E. Lehman, trustees named in the trust deed and chattel mortgage, the payment of the bonds and expenses incurred in the enforcement of the guaranty, including trustees' fees, attorneys' fees and court costs, and guaranteeing to them the performance of the terms, covenants and conditions of the trust deed and chattel mortgage; that in an equitable foreclosure, the court found that the Euclid-Pine Investment Co. had defaulted in the payment of the bonds and ordered the property sold, as provided in the trust deed and chattel mortgage; that on a sale of the property the court approved the same, credited the bonds with the net amount realized from the sale and determined the deficiency to be $272,599.05; that under the written guaranty defendants

are indebted to plaintiff trustees in said sum, together with reasonable trustees' and attorneys' fees, for which they ask judgment.

Defendants answered by general denial, admitted the issuance of the bonds, the execution of the trust deed and chattel mortgage and the execution of the written guaranty by defendants. The answer then alleged that plaintiffs are without authority to maintain an action on the guaranty; that upon default in the payment of the bonds "the holders of said bonds entered into an agreement whereby they would accept new securities in lieu of the old ones and that the sale that took place under said deed of trust securing said bonds was a fictitious sale held purely for the purpose of clearing title, and that the bondholders had already agreed and accepted, without consent of the guarantors, new security in lieu of their old bonds," and that the liability of the defendants on the written guaranty was thereby released and extinguished. The material facts follow:

On default, the trustees named in the trust deed and chattel mortgage filed suit in the circuit court for foreclosure. Thereupon the Bondholders' Protective Committee, representing $254,800 of the $270,000 issue of bonds, notified the bondholders by letter that if a sale of the property was ordered by the court, the committee would, if a fair price was not offered, buy the property for the bondholders represented by the Bondholders' Protective Committee.

In due course the court ordered the property sold. The Bondholders' Protective Committee was the purchaser. After paying the non-participating bondholders their share of the net proceeds of the sale, the balance of the proceeds was credited on the bonds owned by the participating bondholders. The property purchased by the Bondholders' Protective Committee was conveyed and transferred to the Parkedge Corporation, which was organized by the committee and incorporated to take title to the property. Under a trust agreement certain trustees named to control and manage the property held all the stock of the corporation. In lieu of the stock the trustees issued to the bondholders trust certificates. The trustees repaired the property and managed the same for the benefit of the participating bondholders. The amount due on the bonds, after crediting the same with the net sum realized from the sale of the property, is $272,599.05. The amount due is not questioned.

In this connection it should be stated that the defendants do not challenge the regularity of the sale nor the authority of the bondholders to purchase the property, nor the authority of an owner of property to profit by said ownership.

Furthermore, there is no evidence tending to sustain the defenses of "fictitious sale" or agreement of the bondholders to "accept new securities in lieu of the old ones." In the absence of evidence tending to sustain said defenses in the answer, defendants contend that the Bondholders' Protective Committee in the letter to the participating

bondholders stated that the committee intended to buy the property and give the bondholders stock in a new company for the bonds. The answer contains no such defense. Furthermore, we find no such statement in said letter.

In this situation the defendants are reduced to the contention that the plaintiffs are without authority to maintain the suit. They argue that the plaintiffs ceased to exist as trustees on the foreclosure of the trust deed and chattel mortgage, and for that reason could not lawfully maintain a suit for the bondholders under the guaranty. It may be admitted that the foreclosure terminated the authority of the plaintiffs as trustees under the trust deed and chattel mortgage. Even so, defendants contracted with the plaintiffs to guarantee payment of the bonds to the bondholders. In other words, defendants contracted with the plaintiffs "for the benefit of another." It follows that under the guaranty contract the plaintiffs are trustees of an express trust within the meaning of Sec. 850, R. S. 1939, and the contention must be overruled.

The judgment is reversed and the cause remanded with directions to the trial court to enter judgment in favor of the plaintiffs for $272,-599.05, together with a reasonable allowance for trustees' and attorneys' fees and for costs. All concur.